IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **HANCOCK SHOPPES, LLC,** | § |
| | § |
| Plaintiff, | § |
| | §   CASE NO. 2:17-cv-364-UA-CM |
| v. | § |
| | § |
| **RETAINED SUBSIDIARY ONE, LLC,** | § |
| **KASH N' KARRY FOOD STORES,** | § |
| **INC.,** | § |
| | § |
| Defendants. | § |

### DEFENDANT RETAINED SUBSIDIARY ONE, LLC'S
### AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to the Court's February 9, 2018 Order [ECF No. 83], Defendant Retained Subsidiary One, LLC ("Retained Subsidiary" or "RSO"), by and through its undersigned attorneys, hereby amends its Answer [ECF No. 54], as follows:

### ANSWER

1. Retained Subsidiary denies the allegations contained in Paragraph 1, except admits that Plaintiff's claims relate to a property located in Lee County, Florida (the "Demised Premises").

2. Retained Subsidiary denies the allegations contained in Paragraph 2.

3. Retained Subsidiary lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3.

4. Retained Subsidiary admits the allegations contained in Paragraph 4.

5. Retained Subsidiary denies the allegations contained in Paragraph 5, except admits that Kash n' Karry Food Stores, Inc. ("KNK Inc.") was formerly registered to conduct

business in the State of Florida. KNK Inc. was dissolved through a series of transactions in 2014. KNK Inc. merged out of existence and ceased to operate any business on April 12, 2014.

6. Retained Subsidiary lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6.

7. Retained Subsidiary lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7.

8. Retained Subsidiary denies the allegations contained in Paragraph 8.

9. Retained Subsidiary lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9.

## GENERAL ALLEGATIONS

10. Retained Subsidiary admits the allegations contained in Paragraph 10 regarding the 1985 lease for the Demised Premises ("Lease").

11. Retained Subsidiary admits the allegations contained in Paragraph 11.

12. Retained Subsidiary admits the allegations contained in Paragraph 12.

13. Retained Subsidiary admits the allegations contained in Paragraph 13.

14. Retained Subsidiary admits the allegations contained in Paragraph 14.

15. Retained Subsidiary admits the allegations contained in Paragraph 15.

16. Retained Subsidiary admits the allegations contained in Paragraph 16.

17. Retained Subsidiary denies the allegations contained in Paragraph 17, except admits that the quoted text appears in the Lease Assignment and Assumption Agreement.

18. Retained Subsidiary admits the allegations contained in Paragraph 18.

19. Retained Subsidiary denies the allegations contained in Paragraph 19, except admits that the quoted text appears in the Lease Assignment and Assumption Agreement.

20. Retained Subsidiary lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20.

21. Retained Subsidiary lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21.

22. Retained Subsidiary lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22.

23. Retained Subsidiary admits the allegations contained in Paragraph 23.

24. Retained Subsidiary admits the allegations contained in Paragraph 24.

25. Retained Subsidiary lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25.

26. Retained Subsidiary lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, except admits that the defendant tenants, other than Retained Subsidiary, had used the property as a supermarket and that no supermarket was operating in the property when Retained Subsidiary surrendered possession of the property to Plaintiff.

27. Retained Subsidiary denies the allegations contained in Paragraph 27. Retained Subsidiary notified Plaintiff that it would not exercise the options to extend the term of the Lease on September 15, 2014. The Lease terminated on March 31, 2015.

28. Retained Subsidiary denies the allegations contained in Paragraph 28.

29. Retained Subsidiary denies the allegations contained in Paragraph 29.

30. Retained Subsidiary denies the allegations contained in Paragraph 30.

**COUNT I**

31. Paragraph 31 contains no allegations for Retained Subsidiary to admit or deny. To the extent that any answer may be appropriate, Retained Subsidiary realleges and incorporates its answers to Paragraphs 1 through 30 set forth above. Retained Subsidiary lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32.

32. Retained Subsidiary denies the allegations contained in Paragraph 33.

33. Retained Subsidiary denies the allegations contained in Paragraph 34.

34. Paragraph 35 contains no allegations for Retained Subsidiary to admit or deny. To the extent that any answer may be appropriate, Retained Subsidiary denies the allegations stated in this paragraph.

**PRAYER FOR RELIEF**

Retained Subsidiary denies that Plaintiff is entitled to any of the relief requested in the Complaint.

**SPECIAL AND AFFIRMATIVE DEFENSES**

Retained Subsidiary states the following special and affirmative defenses to Plaintiff's claims. By identifying these defenses, Retained Subsidiary does not concede that any of them are an affirmative defense or that it bears the burden of pleading or proof with respect to any defense or portion thereof. Retained Subsidiary reserves the right to amend, withdraw, supplement, or modify these defenses as this case proceeds.

1. Plaintiff's claims are barred by accord and satisfaction. The predecessor landlord to Plaintiff, FMAP Realty Company and its agents, and RSO entered into an agreement regarding RSO's property condition and maintenance obligations for the Demised Premises in 2013. The agreement provided that if RSO performed a list of specified repairs and maintenance

items, RSO would satisfy its property condition and maintenance obligations under the Lease. RSO completed the specified items in May 2014.

2. Paragraph 1 of RSO's Special and Affirmative Defenses is incorporated herein by reference. Plaintiff's claims are barred, in whole or in part, because of Plaintiff's contributory negligence. Hancock Shoppes, LLC ("Hancock") failed to mitigate its alleged damages because it did not serve any notices of default during the Lease period that would have obligated RSO to repair any defective conditions in the Demised Premises covered by the Lease within 30 days. Likewise, Hancock failed to notify RSO at turnover of any alleged defective conditions, and at that point RSO's maintenance obligations terminated. And even after the Lease ended and it took possession of the Demised Premises, Hancock failed to take steps to prevent damage to the property, making it difficult to distinguish between the conditions that existed at turnover and the deterioration that has occurred since. It was possible for Hancock to take action, Hancock's failure to act was not reasonable, and in fact was calculated to maximize its alleged injury rather than avoid additional loss.

3. Paragraphs 1-2 of RSO's Special and Affirmative Defenses are incorporated herein by reference. Plaintiff's Complaint fails to state a claim upon which relief may be granted. Among other things, Section 26 of the Lease states that the Landlord expressly waives any and all rights to collect damages for Tenant's default other than as set forth in the Lease. Section 26 provides that in the event of the Tenant's default in the performance of any obligation under the Lease, the Landlord may give notice specifying the nature of the default. And if the Tenant subsequently fails to cure the default, the Landlord shall have the right to seek damages. Hancock, as Landlord, did not serve any notices of default regarding the Lease. Without notice,

RSO was given no opportunity to cure any alleged default.  Thus, Hancock has no right to seek damages under the contract, nor under any other law.

4. Paragraphs 1-3 of RSO's Special and Affirmative Defenses are incorporated herein by reference.  Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

5. Paragraphs 1-4 of RSO's Special and Affirmative Defenses are incorporated herein by reference.  Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.  Hancock was or should have been aware of any alleged defects in the Demised Premises at or before the time it purchased the property on May 6, 2014, or, at the latest, on the date RSO turned the property back over to Hancock on March 31, 2015.  Hancock failed to have the property inspected until April 23, 2015, more than three weeks after turnover, failed to advise RSO of its claims that repairs were needed until November 18, 2015, more than seven months after turnover, and then failed to bring this claim until June 6, 2017, more than two years after the date of turnover.  Since the date of turnover the Demised Premises has been looted by vandals, occupied by vagrants, and further damaged by weather and natural aging because Hancock failed to adequately secure and protect it.  Additionally, Hancock has allowed the Demised Premises to go to waste by failing to provide electrical service to the property and failing to perform even the most basic routine maintenance, all of which have caused severe deterioration to the property that Hancock now seeks to blame on RSO.  Hancock's unjustified delay has severely prejudiced RSO because it has deprived RSO of the ability to defend itself with contemporaneous evidence of the condition of the Demised Premises at turnover.

6. Paragraphs 1-5 of RSO's Special and Affirmative Defenses are incorporated herein by reference.  Plaintiff's claims are barred, in whole or in part, by equitable estoppel.

Hancock's conduct of accepting RSO's performance in the form of monthly rent payments for a period of almost one year and never raising any concerns regarding the condition of the Demised Premises was intended to cause RSO to believe that the repairs performed by RSO at the request of Hancock's predecessor Landlord put the property in a turnover condition acceptable under the Lease, and that Hancock had no objection to RSO's maintenance of the property between the time those repairs were made between October 2013 and May 2014 and the date of turnover. Likewise, Hancock's acceptance of the keys to the Demised Premises at turnover without any mention of possible issues with the condition of the Demised Premises caused RSO to believe that it had fulfilled its property condition and maintenance obligations under the Lease, and was not required to take any steps to preserve evidence of the condition of the property at turnover.

7. Paragraphs 1-6 of RSO's Special and Affirmative Defenses are incorporated herein by reference. Plaintiff's claims are barred, in whole or in part, because Plaintiff has waived them. Hancock had the right under Section 26 of the Lease to give notice of default and require RSO to make repairs, and if the repairs were not completed to seek damages. Hancock had actual knowledge of its rights because it was made a party to the Lease when it assumed the Lease as Landlord in May 2014. Hancock never served any notices of default regarding the Lease. Hancock intentionally relinquished its rights under the Lease when it brought this claim without serving any notices of default, because, at that point, it became clear through Hancock's conduct that Hancock would never provide notice of default to RSO, would never allow RSO the opportunity to cure, and therefore cannot seek damages under the contract, or any other law.

8. Paragraphs 1-7 of RSO's Special and Affirmative Defenses are incorporated herein by reference. Plaintiff's claims are barred, in whole or in part, because Plaintiff has released them. Under the purchase agreement for the Demised Premises executed March 3,

2014, Hancock agreed that a failure to terminate the sale during the 30-day inspection period constituted an acceptance of the physical condition of the property in all respects. RSO executed an estoppel certificate on May 1, 2014, stating that there were no uncured defaults under the Lease or any conditions that would become a default. Hancock accepted RSO's certificate and the physical condition of the Demised Premises in all respects when it closed on the property May 6, 2014. RSO maintained the Demised Premises in the same condition from May 2014 through turnover.

9. Paragraphs 1-8 of RSO's Special and Affirmative Defenses are incorporated herein by reference. Plaintiff's claims are barred, in whole or in part, by failure of consideration. Plaintiff complains of damages to the Demised Premises that extend beyond the property condition and maintenance obligations of RSO. Section 23 of the Lease states that "[u]pon expiration or other termination of the term of this Lease, Tenant shall peaceably and quietly quit and surrender the Demised Premises in good order and condition, ordinary wear and tear and damage by fire, the elements, casualty or Taking excepted." Likewise, RSO entered into an agreement with Plaintiff's predecessor landlord, FMAP Realty Company and its agents, regarding specified maintenance items, and satisfied that agreement in May 2014. Plaintiff's claimed damages to the Demised Premises are, in essence, seeking to invoice RSO for work that would restore the entire building to the condition it was in when originally constructed or better, and transform a 30-year-old property into a new building. Plaintiff has not given consideration for making such enhancing repairs and none are required under the Lease.

10. Paragraphs 1-9 of RSO's Special and Affirmative Defenses are incorporated herein by reference. Plaintiff's claims are barred, in whole or in part, by express assumption of risk. Under the March 3, 2014 purchase agreement for the Demised Premises, Hancock agreed

to purchase the property in its "AS IS, WHERE IS, WITH ALL FAULTS" condition.  Hancock knew that RSO was no longer operating a retail store in the Demised Premises, and that the property had been vacant for many years.  The purchase price paid by Hancock for the Demised Premises, at only a fraction of the assessed property value, reflects its acceptance of the Demised Premises in the condition in which it existed on the day Hancock purchased it.

11. Paragraphs 1-10 of RSO's Special and Affirmative Defenses are incorporated herein by reference.  Plaintiff's claims of damage to the property do not amount to a breach of the Lease.  Section 23 of the Lease states that "[u]pon expiration or other termination of the term of this Lease, Tenant shall peaceably and quietly quit and surrender the Demised Premises in good order and condition, ordinary wear and tear and damage by fire, the elements, casualty or Taking excepted."

12. Paragraphs 1-11 of RSO's Special and Affirmative Defenses are incorporated herein by reference.  Plaintiff has failed to join the indispensable party FMAP Realty Co., LLC.

Retained Subsidiary hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw or modify these defenses as its investigation continues and as discovery may require.

        Respectfully submitted,

        /s/  Michael J. Mueller
        Michael J. Mueller
        Fl. Bar No. 114938
        HUNTON & WILLIAMS LLP
        1111 Brickell Avenue, Suite 2500
        Miami, FL 33131

mmueller@hunton.com
Tel. (305) 810-2524
Fax (202) 778-7433

Torsten M. Kracht
Admitted *Pro Hac Vice*
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
tkracht@hunton.com

Attorneys for Defendant
RETAINED SUBSIDIARY ONE, LLC

## CERTIFICATE OF SERVICE

On February 22, 2018, I electronically submitted the foregoing **AMENDED ANSWER** document with the clerk of court for the United States District Court for the Middle District of Florida, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record (there are no existing pro se parties) as follows electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

    Jon Polenberg
    Jude C. Cooper
    Andrew Polenberg
    BECKER & POLIAKOFF, P.A.
    1 East Broward Boulevard, Suite 1800
    Fort Lauderdale, FL 33301
    (954) 987-7550
    jpolenberg@bplegal.com
    jcooper@bplegal.com
    apolenberg@bplegal.com

    *Counsel for Plaintiff*

      /s/ Michael J. Mueller
    Michael J. Mueller