UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HANCOCK SHOPPES, LLC,

      Plaintiff,

v.                                  Case No: 2:17-cv-364-FtM-99CM

RETAINED SUBSIDIARY ONE, LLC
and KASH N' KARRY FOOD
STORES, INC.,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

Pending before the Court is Plaintiff Hancock Shoppes, LLC's Objection to Magistrate's February 26, 2018 Order (Doc. 88) and Defendant Retained Subsidiary One, LLC's response in opposition (Doc. 89). For the following reasons, the Court overrules Hancock's Objection.

## **BACKGROUND**

This is a breach of contract case. It stems from a thirty-year commercial lease in which Hancock was the landlord and Defendants Kash N' Karry Food Stores, Inc. and Retained Subsidiary were the last two tenants. When the lease ended, Retained Subsidiary surrendered the property to Hancock in an allegedly "untenantable" condition.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(Doc. 2 at ¶ 29). Hancock thus has sued every tenant, including Kash N' Karry and Retained Subsidiary.

In August 2017, United States Magistrate Judge Mac R. McCoy granted Hancock's motion for a Clerk's default against Kash N' Karry. (Doc. 59). On the same day that the Clerk entered the default (Doc. 60), Retained Subsidiary moved to set it aside for two reasons: (1) Retained Subsidiary and Kash N' Karry merged in April 2014 with Retained Subsidiary surviving as the successor in interest; and (2) Retained Subsidiary did not tell Kash N' Karry's former registered agent that his/her authority to accept service expired before Hancock served the Complaint. (Doc. 62 at 1, 6). Hancock opposed setting aside the Clerk's default, arguing that Retained Subsidiary lacked standing under Delaware law to assert any defenses for Kash N' Karry, and otherwise had not shown good cause to set aside the default. (Doc. 63).

United States Magistrate Judge Carol Mirando sided with Retained Subsidiary.[2] She found that Retained Subsidiary had standing to bring the motion to set aside the Clerk's default on Kash N' Karry's behalf because the two companies merged more than three years ago. (Doc. 86). According to the Magistrate Judge,

> Kash [N' Karry] was merged out of existence effective April 12, 2014 and became part of Retained Subsidiary, but transferred its interest in the relevant commercial property to Retained Subsidiary before its dissolution . . . Thus, all debts, liabilities and duties of Kash [N' Karry] pertaining to the commercial property at issue attach to Retained Subsidiary, which may be enforced against [Retained Subsidiary] to the same extent as if said debts, liabilities and duties had been incurred or contracted by [Retained Subsidiary].

---

[2] Because Judge McCoy recused in this case (Doc. 77), Judge Mirando became the assigned Magistrate Judge.

2

([Doc. 86 at 2](Doc. 86 at 2)) (citing [8 Del. C. § 259](8 Del. C. § 259))). From there, the Magistrate Judge found good cause to set aside the Clerk's default because Retained wasted no time and filed its motion on the same day the Clerk entered the default. She also found that Kash N' Karry inadvertently failed to tell its registered agent to stop accepting service of process. Hancock now objects to these findings.

## STANDARD OF REVIEW

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter before the court," subject to exceptions not relevant to this case. [28 U.S.C. § 636(b)(1)(A)](28 U.S.C. § 636(b)(1)(A)). [Federal Rule of Civil Procedure 72](Federal Rule of Civil Procedure 72) also governs pretrial matters referred to magistrate judges. Under this rule, a district court reviewing a magistrate judge's decision on a non-dispositive issue "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." [Fed. R. Civ. P. 72(a)](Fed. R. Civ. P. 72(a)). Clear error is a highly deferential standard of review. *See* [Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1351-52 (11th Cir. 2005)](Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1351-52 (11th Cir. 2005)). "A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *[Id.](Id.)* Further, an order "is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." [Malibu Media, LLC v. Doe, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013)](Malibu Media, LLC v. Doe, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013)). Under neither standard does the Court find grounds to modify or set aside the Magistrate Judge's Order.

## DISCUSSION

As stated, Hancock moves to reverse the Magistrate Judge's Order setting aside the Clerk's default against Kash N' Karry. It argues the Magistrate Judge erred because

3

only a court-appointed receiver – not Retained Subsidiary – has standing to defend the breach of contract claim against Kash N' Karry and to set aside a Clerk's default under Delaware law.[3] It also faults the Magistrate Judge for focusing solely on § 259 of Delaware's corporation laws and not discussing its referenced case law.

Retained Subsidiary opposes Hancock's objection. To appoint a receiver under Delaware law, Retained Subsidiary argues that Kash N' Carry needs to have assets to administer – which it does not. And even if such assets existed, Retained Subsidiary maintains Hancock has the burden to move Delaware's Court of Chancery to appoint the receiver – which it has not done. Retained Subsidiary also claims it has standing to set aside the default because, as Kash N' Karry's successor and assignee, any default judgment entered against Kash N' Karry will affect it. In addition to these substantive arguments, Retained Subsidiary makes a practical one: "It is difficult to identify what end [Hancock] seeks through its zealous pursuit to enforce a clerical default against a long-ago dissolved entity with no assets. This is particularly so here, . . . where [Retained Subsidiary] . . . does not contest that it assumed [Kash N' Karry's] obligations under the Lease." (Doc. 89 at 2).

Section 278 of the Delaware General Corporate Law operates to extend a dissolved corporation's existence for three years to wind up its corporate affairs. 8 Del. C. § 278. During this period, a corporation may be sued in its own name. After § 278's three-year period ends, the corporation has no power to continue its winding-up duties, including to defend suits. Thus, "a hopeful plaintiff must apply to the Court of Chancery

---

[3] No party disputes the Magistrate Judge applying Delaware law under Fed. R. Civ. P. 17(b)(2).

for the appointment of a receiver who would then defend suits on behalf of the corporation." *Weyerhaeuser Co. v. Edward Hines Lumbar Co.*, No. 91 C 623, 1991 WL 169385, at 6 (N.D. Ill. Aug. 28, 1991); *see also In re Krafft-Murphy Co., Inc.*, 82 A.3d 696 (Del. 2013) (finding that third-party tort claimants were able to have a receiver appointed to oversee the dissolved corporation's undistributed assets, namely, contingent contractual rights under insurance policies issued to the corporation). Section 279 governs the appointment of receivers after a dissolved corporation's statutory winding up period ends:

> [w]hen any corporation organized under this chapter shall be dissolved . . . the Court of Chancery, on application of any creditor, stockholder or director of the corporation, or *any other person who shows good cause therefor*, at any time, may either . . . appoint 1 or more persons to be receivers, of and for the corporation, to take charge of the corporation's property, and to collect the debts and property due and belonging to the corporation, with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid[.]

8 Del. C. § 279 (emphasis added).

Here, Kash N' Karry merged with Retained Subsidiary on April 12, 2014. Its three-year wind up period ended on April 12, 2017 – more than two months before Hancock filed this suit. After that date, Kash N' Karry had no power to act and no legal existence. It thus lacked the legal capacity to defend against this lawsuit. Assuming Kash N' Karry has property left to administer, an appointment of a receiver is needed under § 279. *See In re Krafft-Murphy*, 82 A.3d 696 (stating, in order for a dissolved corporation to participate in litigation brought more than three years after dissolution, appointment of a receiver was required). But Hancock has a duty to seek appointment of the receiver, something it has

not done.  All of § 279 applies to Hancock, not just the portions that fit its arguments.  Hancock brings this lawsuit to obtain damages from Kash N' Karry for any breach of the lease it committed.  It thus cannot argue the Clerk's default should remain because a receiver, which it had the duty to appoint, has never been appointed.  Hancock has presented no case law to the contrary.  The Court is thus hard pressed to find the Magistrate Judge's Order to be clearly erroneous or contrary to the law.

The result is the same for the Magistrate Judge's finding of good cause to set aside the Clerk's default.  Retained Subsidiary promptly moved to set aside the default and inadvertently did not tell Kash N' Karry's former registered agent not to accept service.  The Court too finds good cause under these facts.  See *Lopez v. Colonial Group of Am. Corp.*, No. 12-22208-CIV, 2013 WL 1503260, at *1 (S.D. Fla. Apr. 12, 2013) ("The Court is vested with 'considerable discretion' in ruling on a motion to set aside an entry of default." (citing *Robinson v. U.S.*, 734 F.2d 735, 739 (11th Cir. 1984)).  The default was neither culpable nor willful, as shown by Retained Subsidiary promptly acting to correct the default.  Retained Subsidiary also has a meritious defense in light of the Undersigned's decision to dismiss another tenant (Doc. 80).  See *Lopez,* 2013 WL 1503260, at *2 (stating the factors to consider when deciding good cause to set aside a default "are only guidelines and not talismanic" (internal quotation and citation omitted)).  And it is the Court's preference to handle matters on the merits rather than on procedural technicalities.  See *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (stating "defaults are seen with disfavor because of the strong policy of determining cases on their merits").  The Court thus overrules Hancock's objection.

Accordingly, it is now

**ORDERED:**

Plaintiff Hancock Shoppes, LLC's Objection to Magistrate's February 26, 2018 Order (Doc. 88) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of May 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record