UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HANCOCK SHOPPES, LLC,

        Plaintiff,

v.                                      Case No: 2:17-cv-364-FtM-99CM

RETAINED SUBSIDIARY ONE, LLC
and KASH N' KARRY FOOD
STORES, INC.,

        Defendants.
_____/

## OPINION AND ORDER[1]

Pending before the Court is Defendant Retained Subsidiary One, LLC's Motion to Dismiss Plaintiff's Complaint on Behalf of Defendant Kash N' Karry Food Stores, Inc. (Doc. 87) to which Plaintiff Hancock Shoppes, LLC opposes (Doc. 92). For the following reasons, the Court grants Retained Subsidiary's motion.

## BACKGROUND

This case involves the breach of a commercial lease. During the lease's thirty-year duration, the landlord and tenant roles changed no less than five times. Pertinent here, the Kroger Co. of Michigan assigned the lease to Kash N' Karry in the late 1980s. Kash N' Karry, as the new assignee, agreed to "perform and observe all of the obligations of Tenant under the Lease." (Doc. 2-3 at 2). Eventually, Kash N' Karry merged with

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Retained Subsidiary effective April 2014, and Retained Subsidiary became Kash n' Karry's successor-in-interest. (Doc. 2 at ¶ 23; Doc. 47-1 at 23). Retained Subsidiary thus was the last tenant to occupy the property before the lease expired.

After Kash N' Karry entered the lease, the original landlord assigned its interest in the property to another company. And that company contemporaneously entered into an assignment and assumption agreement with FMAP Realty Company, LLC. Finally, when Hancock bought the property, FMAP LLC assigned its interest in the lease to Hancock. This made Hancock the landlord about ten months before the lease expired.

When the lease ended in March 2015, Retained Subsidiary surrendered possession of the property to Hancock. According to Hancock, the property was "untenantable" because Defendants "failed to protect the property from theft, vandalism, waste, and neglect." (Doc. 2 at ¶ 29). Hancock thus sued every prior tenant – Family Center, Kroger, Kash n' Karry, and Retained Subsidiary – for breach of lease. Retained Subsidiary now moves to dismiss the Complaint as against Kash N' Karry.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests whether the pleader has satisfied the rule's pleading requirements. A claim will fail this inspection if it asserts a legal theory that is not cognizable as a matter of law and/or if the factual tale alleged is implausible. When a claim is challenged under Rule 12(b)(6), the court presumes that all well-pleaded allegations are true, resolves all reasonable inferences in the non-moving party's favor, and views the complaint in the light most

favorable to the non-moving party. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although detailed factual allegations are not required, the federal pleading requirement is far from trivial. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A complaint must contain sufficient information to give defendants fair notice of the complaint's claims and the grounds on which they rest. See *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007). Plaintiffs must allege enough facts to raise their claims beyond the speculative level and must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. To that end, a claim is facially "plausible" when it alleges sufficient factual content to permit the reasonable inference that the defendant is liable for unlawful conduct. *Twombly*, 550 U.S. at 559. To cross into the "realm of plausible liability," a plaintiff's allegations must be factual (not conclusory) and suggestive (not neutral). *Id.* at 557 n.4. Thus, a plaintiff must do more than offers labels, conclusions, and a formulaic recitation of a claim's elements. See *Iqbal*, 556 U.S. at 678. And a court need not accept speculation, bald assertions, and legal inferences masquerading as facts. See *Twombly*, 550 U.S. at 555.

## DISCUSSION

Retained Subsidiary moves to dismiss the Complaint as against Kash N' Karry because Kash N' Karry has been merged out of existence and transferred its interest in the Lease to Retained Subsidiary. It argues that Kash N' Karry, as an intermediate tenant of the lease, cannot be liable for the alleged damages to the property at the time of turnover. (Doc. 87). Retained Subsidiary thus asks the Court to dismiss Kash N' Karry for the same reasons it dismissed Kroger, another intermediate tenant (Doc. 80).

3

In its prior order, the Court found that Hancock brings this suit based on the lease provision that required the tenant to return the property in good order upon the lease's expiration. Thus, it was not until the property was surrendered to Hancock in March 2015 that the tenant could have breached the lease. But this pleading has a logical consequence. That being only the lease's original and last tenants (with Retained Subsidiary being the latter) can be liable for the breach as pled in this case.

In between the original and last tenants, however, are Kroger and Kash N' Karry. The Court has dismissed Kroger because it assigned its obligations under the lease to Kash N' Karry more than thirty years ago. (Doc. 80). One such obligation included surrendering the property to Hancock in good condition. The Court thus found Kroger to be, at best, an "intermediate" assignor/assignee that was no longer on the hook for any subsequent breaches in the least. (*Id.* at 5-6).

Kash N' Karry is a bit different from Kroger. Kash N' Karry did not assign its interest in the lease to Retained Subsidiary. Rather, Retained Subsidiary assumed all of Kash N' Karry's rights and liabilities under the lease because of the merger. Recognizing this distinction, Retained Subsidiary argues that "[u]nder Florida law, the rights and liabilities of a predecessor are imposed on a successor in interest when the successor expressly assumes the obligations of the predecessor. . . The express assumption of obligations by a successor is the legal equivalent to an assignment under the lease, which states that the 'assignee shall expressly assume all of Tenant's obligations under this Lease.'" (Doc. 87 at 4 (internal citations omitted)). From there, Retained Subsidiary argues that it – not Kash N' Karry – surrendered the property in an allegedly untenantable condition.

The question then is whether Hancock has stated claim for breach of contract against Kash N' Karry when Retained has assumed all of Kash N' Karry's obligations under the lease. The Court finds that it has not. No party disputes that Retained Subsidiary is Kash N' Karry's successor in interest. And Retained Subsidiary concedes that it is liable for any breach of the lease that occurred before the transfer of the property. This finding is consistent with the terms of the lease, which holds only the original and last tenants liable for breaching the contract based on the property's condition at the conclusion of the lease. Once again, the Court lacks authority to rewrite the lease to serve Hancock's interest. Consequently, the Court grants Retained Subsidiary's motion to dismiss.

Accordingly, it is now

**ORDERED:**

Defendant Retained Subsidiary One, LLC's Motion to Dismiss Plaintiff's Complaint on Behalf of Defendant Kash N' Karry Food Stores, Inc. (Doc. 87) is **GRANTED**.

(1) The Clerk is **DIRECTED** to terminate Defendant Kash N' Karry Food Stores, Inc. from the case file.

(2) This case remains pending against Defendant Retained Subsidiary One, LLC.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of May 2018.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record