UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HANCOCK SHOPPES, LLC,

    Plaintiff,

v.                                             Case No:2:17-cv-364-FtM-PAM-CM

RETAINED SUBSIDIARY ONE,
LLC,

    Defendant.

## ORDER

This matter comes before the Court upon review of Defendant Retained Subsidiary One, LLC's ("RSO") Motion to Strike Plaintiff Hancock Shoppes, LLC's ("Hancock") Notice Amending Discovery Responses (Doc. 121) and Plaintiff's Motion to Strike Defendant, Retained Subsidiary One, LLC's Reply in Support of Motion to Strike Plaintiff Hancock Shoppes, LLC's Notice Amending Discovery Reponses (Doc. 125). RSO requests the Court strike Hancock's notice amending an interrogatory response to reflect that Hancock sent a notice of default under the lease at issue to RSO prior to filing suit. *See* Doc. 121 at 1; Doc. 118. For the reasons stated below, RSO's motion is granted, and Hancock's motion is denied.

I.     **Background**

On June 6, 2017, Hancock filed this breach of contract case in the Circuit Court for the Twentieth Judicial Circuit in Lee County, Florida, against Defendants RSO, Kash n' Karry Food Stores, Inc., The Kroger Co. of Michigan, and Family Center,

Inc.[1]  Doc. 2.  RSO removed the case to this Court on June 28, 2017.  Doc. 1.  In summary, the case involves a thirty-year commercial lease for real property at 13350 N. Cleveland Avenue, Fort Myers, Florida, in which RSO and its predecessor-in-interest Kash n' Karry were tenants since 1988 and Hancock became the landlord in 2014.  Doc. 2 ¶¶ 10-26.  The Complaint alleges that at termination of RSO's lease, RSO surrendered possession of the property to Hancock, at which time Hancock discovered that RSO "failed to protect the property from theft, vandalism, waste, and neglect[.]"  *Id.* ¶ 27-28.  Thus, Hancock alleges RSO surrendered the property in a condition that was "completely untenantable."  *Id.* ¶ 29.  Hancock alleges one count of breach of lease against RSO and requests damages and attorney's fees.  *Id.* ¶¶ 31-35.

RSO's amended answer raises affirmative defenses, including that Hancock's claims are barred as a matter of law because Hancock failed to serve a notice of default on RSO and allow RSO to cure the defects in the property.  Doc. 85 at 7.  On August 29, 2017, the Court entered a Case Management and Scheduling Order ("CMSO") setting the discovery deadline for August 7, 2018; the dispositive motions deadline for September 7, 2018; a final pretrial conference for December 28, 2018; and a trial term beginning January 7, 2019.  Doc. 66.

On June 13, 2018, RSO moved for partial summary judgment relating to one of Hancock's claims—that RSO was responsible for installing a finished floor in the

---

[1] Defendants Family Center, Inc., The Kroger Co. of Michigan and Kash n' Karry Food Stores, Inc. were terminated as parties on October 5, 2017, October 27, 2017 and May 15, 2018, respectively.  Docs. 75, 80, 97.

property at termination of the lease. Doc. 102. The motion argues that RSO did not have to install a finished floor under the lease, and Hancock's claim is barred by Florida's five-year limitations period for contract actions. *Id.* at 1. On September 7, 2018, Hancock moved for partial summary judgment addressing only the claims of breach for which there are no material facts in dispute and stating the rest of Hancock's claims would be presented during trial. Doc. 110 at 1. In its motion, Hancock addresses RSO's affirmative defense of failure to provide notice. *Id.* at 14. Hancock argues the lease gave Hancock the option, but not the obligation, to send a default notice to RSO prior to filing suit. *Id.* Hancock asserts that "[a]lthough Hancock did not bear the obligation to provide notice, any failure to do so could not constitute waiver because there exists the non-waiver provision in the Lease." *Id.* at 19. In its motion, Hancock does not state it sent a notice of default to RSO. *See generally,* Doc. 110.

Also on September 7, 2018, RSO moved for summary judgment, with its principal argument that Hancock fails to state a claim because it did not satisfy a necessary condition precedent by failing "to give [RSO] (or any other prior tenant) notice of default as plainly required by unambiguous provisions of Section 26 of the Lease." Doc. 111 at 2. In support, RSO argues "Hancock admits that it did not comply with this requirement" before filing suit. *Id.* In the motion's statement of material facts, RSO states the following pertinent facts:

> 22. Hancock's attorney Michael A. Vandetty sent a demand letter to Retained Subsidiary on November 18, 2015. A copy was not simultaneously provided to Family Center. Demand Letter, Ex. 6; Hancock's Responses to Retained Subsidiary's Requests for

> Admission, Ex. 7 at 20.
>
> 23. Hancock filed suit in this action on June 6, 2017. (ECF No. 2 at 1.)
>
> 24. Prior to filing suit, Hancock never gave notice of default under the Lease to any tenant. Hancock's Responses to Kroger's Interrogatories, Ex. 8 at 7-8; (ECF No. 102-6 at 27-28.)

Doc. 111 at 7-8. RSO argues because Hancock failed to give notice of default, its claims are barred as a matter of law. *Id.* at 10. RSO's argument relies on two admissions from Hancock: (1) the response to Kroger's interrogatory in which Hancock states it "did not serve any notices of default"; and (2) deposition testimony of Luis Dominguez, managing member of Hancock, stating that Hancock sent no notice of default to any tenant prior to turnover of the property. *Id.* at 13. RSO notes the only written communication regarding the condition of the property from Hancock to RSO was a demand letter sent in November 2015 from Michael Vandetty, Hancock's former counsel. *See id.* at 14 n.3. RSO argues the letter is "ineffective as a notice of default because it was never provided to Family Center." *Id.*

Hancock responded to RSO's notice argument by arguing Hancock sent a notice of default in November 2015; and, even if it sent no notice, it was not required to. Doc. 113 at 2. Hancock responds to paragraph 24 in RSO's statement of material facts:

> 24. Disputed. As acknowledged in RSO's motion for summary Judgment at paragraph 22, which is undisputed, "Hancock's attorney Michael A. Vandetty sent a demand letter to Retained Subsidiary on November 18, 2015." [D.E. 111 at ¶ 22; D.E. 111-7].

Doc. 113 at 4.  Hancock argues that RSO misconstrued the deposition testimony of Luis Dominguez, and he admitted only that no notice of default was sent prior to turnover, but not prior to filing suit.  *Id.* at 7.  In arguing it sent a notice of default, Hancock does not address the interrogatory response cited by RSO.

RSO, in its response to Hancock's summary judgment motion, reiterates Hancock failed to state a claim upon which relief may be granted by failing to plead it provided notice or an opportunity to cure, and argues "Hancock has since conceded that it failed to give [RSO] notice and an opportunity to cure."  Doc. 114 at 12.  On October 5, 2018, Hancock filed a notice amending a response to an interrogatory of Kroger.  Doc. 118 at 1.  In the notice, Hancock states that Kroger served interrogatories on September 22, 2017, and Hancock responded on October 26, 2017.  *Id.*  In response to interrogatory 6, Hancock stated it "did not serve any notices of default."  *Id.*  Hancock states that during discovery Hancock discovered it sent a notice of default, and it amends its response to the interrogatory to reflect that it sent a notice of default on November 18, 2015.  *Id.* at 2.  Hancock filed its reply to RSO's response the same day, arguing it learned of the notice of default during discovery after the October 26, 2017 responses were served.  Doc. 119 at 6.  RSO filed its motion to strike Hancock's notice on October 12, 2018.  Doc. 121.

On November 1, 2018, the case was reassigned to the Honorable Paul A. Magnuson, and on December 7, 2018, the Court set a hearing on the cross motions for summary judgment for January 9, 2019.  Docs. 123, 128.

## II. Discussion

RSO argues the Court should strike Hancock's notice because it is procedurally incorrect and was filed after the discovery and dispositive motions deadline, without leave of Court, and without having met and conferred with RSO. Doc. 121 at 1, 3. RSO argues Hancock had to seek leave of Court to amend its interrogatory response, and its amendment was filed without seeking modification of the CMSO under Rule 16. *Id.* at 3-6. RSO further argues it is prejudiced by the unjustified delay because RSO briefed its summary judgment motion based in part on Hancock's interrogatory response admitting it sent no notice of default, and RSO has not taken discovery from Hancock "about its newfound revelation that the Vandetty Letter somehow satisfied Hancock's duty to provide notice[.]" *Id.* at 6. Finally, Hancock argues Rule 26(e) does not authorize the proposed amendment. *Id.* at 7.

Hancock responds Rule 26 requires it to amend its interrogatory response, and amending the interrogatory response does not require amending the CMSO. Doc. 122 at 1-2. Hancock argues RSO is not prejudiced by the amendment because it knew of the information in the amended interrogatory response since April 2018. *Id.* at 2. Hancock states, though, while it amends its discovery responses to clarify it sent a notice of default, its position remains that sending a notice of default was not required under the lease. *Id.* at 4. Hancock argues its amendment is a "ministerial act . . . to correct what the record already reflects, and what the litigants in this case already know and have argued back-and-forth[.]" *Id.* Finally, Hancock explains that it is amending the response because "it was not aware there was any confusion concerning the Vandetty letter and its meaning" and "did not know RSO would seek

to ignore the undisputed facts in making its arguments in the dispositive motion briefing." *Id.* at 6.

RSO filed a reply to Hancock's response per the instructions in the reassignment Order filed on November 1, 2018. Docs. 123, 124. Hancock moved to strike the reply, arguing that RSO's reply was improper because it "rehashed the same points it attempted to raise in its Motion to Strike, raising inapplicable cases and reiterating its original misplaced argument." Doc. 125 at 2. The Court will deny Hancock's request to strike the reply. The reassignment Order directed the parties to file a reply brief to any response to a pending motion if not already done. Doc. 123 at 1. That RSO raised "inapplicable cases," according to Hancock, does not render the reply invalid. *See* Doc. 125 at 2. RSO's reply argues that Hancock has not established good cause to allow its amendment after the discovery deadline and that the rules cited by Hancock in its response are inapplicable. *See* Doc. 124 at 2-3.

As an initial matter, Hancock's notice is procedurally incorrect and an impermissible filing of discovery materials on the docket. The CMSO states: "The parties shall not file discovery materials with the Clerk except as provided in M.D. Fla. R. 3.03." Doc. 66 at 3. Under the Local Rules:

> The original of the written interrogatories and a copy shall be served on the party to whom the interrogatories are directed, and copies on all other parties. No copy of the written interrogatories shall be filed with the Court by the party propounding them. The answering party shall use the original of the written interrogatories for his answers and objections, if any; and the original shall be returned to the party propounding the interrogatories with copies served upon all other parties. The interrogatories as answered or objected to shall not be

> filed with the Court as a matter of course, but may later be filed by any party in whole or in part if necessary to presentation and consideration of a motion to compel, a motion for summary judgment, a motion for injunctive relief, or other similar proceedings.

M.D. Fla. R. 3.03(b). Here, Hancock filed a notice, not attached to a motion or response, that refers to an exhibit attached to a motion for summary judgment filed by the opposing party, essentially stating the notice amended that exhibit. Doc. 118 at 1-2 (citing Doc. 111-9 at 7-8). Hancock did not file properly verified amended responses as exhibits to any pleading or response.[2] Thus, the Court finds the notice was filed in violation of the CMSO and the Local Rules. This is reason enough for the Court to strike the filing.

As to the substance of the proposed amendment and whether Hancock has shown good cause to serve amended discovery answers after the discovery deadline, the Court finds Hancock has not shown good cause. Under Rule 16 of the Federal Rules of Civil Procedure, a deadline may be modified only upon a showing of good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013); M.D. Fla. R. 3.09(b) ("Failure to complete discovery procedures within the time established . . . shall not constitute cause for continuance unless such failure or inability is brought to the attention of the Court at least sixty

---

[2] The Court notes that neither party has advised whether Hancock ever served amended interrogatory responses; as of now, the only material related to Hancock's amended response is an unverified notice filed by Hancock's counsel and not attested to by a representative of Hancock. *See* Doc. 118.

(60) days in advanced of any scheduled trial date and is not the result of lack of diligence in pursuing such discovery."). Rule 26 states a party must supplement an interrogatory response if the party learns the response is materially incorrect and if the corrective information "has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e).

Here, beyond the procedural error of the filing, the Court finds that Hancock has not shown good cause to serve amended discovery responses past the discovery deadline and need not supplement its response under Rule 26.³ Hancock's counsel has known of the Vandetty Letter since at least April 2018, when it was introduced by RSO as a deposition exhibit, but failed to amend its interrogatory response by the August 31 deadline with no explanation why. *See* Doc. 121 at 6. Further, Hancock need not supplement its response under Rule 26 because "the additional or corrective information" has "otherwise been made known" to RSO multiple times. *See* Fed. R. Civ. P. 26(e)(1)(A). The parties do not dispute the existence or contents of the Vandetty Letter or whether Hancock sent it to RSO. *See* Doc. 111 at 7-8; Doc. 113 at 2. Instead the parties dispute whether the Vandetty Letter is a notice of default under the lease. *See id.* This dispute is clearly discussed in the summary judgment briefing, and Hancock's proposed amendment to the interrogatory response will not

---

³ The Court will not address Rule 37 and whether Hancock's failure to disclose is substantially justified or harmless because, as noted, Hancock did not use an amended interrogatory response as "evidence on a motion," i.e., attaching the response to a motion for summary judgment or response. *See* Fed. R. Civ. P. 37(c)(1); Doc. 118 at 1-2 (citing Doc. 111-9 at 7-8). Hancock instead filed an independent notice referring to attachments to the opposing party's filing and attempting to amend the opposing party's exhibit.

change whether it is a disputed fact. Thus, Hancock has not shown good cause to amend its response past the discovery deadline, and the Court will grant RSO's motion to strike the notice. *See Fox v. Safeco Ins. Co. of Illinois*, No. 8:16-cv-2665-T-23JSS, 2017 WL 4102312, at *5 (M.D. Fla. Sept. 15, 2017); *Woods v. Austal, U.S.A., LLC*, No. 09-0699-WS-N, 2011 WL 1380054, at *7-8 (S.D. Ala. Apr. 11, 2011) (striking references to untimely supplemental discovery responses from plaintiff's response to defendant's summary judgment motion).

ACCORDINGLY, it is

**ORDERED:**

1. Defendant Retained Subsidiary One, LLC's Motion to Strike Plaintiff Hancock Shoppes, LLC's Notice Amending Discovery Responses (Doc. 121) is **GRANTED.** The Clerk is directed to strike from the docket Plaintiff's Notice Amending Hancock Shoppes, LLC's Responses and Objections to Defendant The Kroger Co. of Michigan's First Set of Interrogatories (Doc. 118).

2. Plaintiff's Motion to Strike Defendant, Retained Subsidiary One, LLC's Reply in Support of Motion to Strike Plaintiff Hancock Shoppes, LLC's Notice Amending Discovery Responses (Doc. 125) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of December, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies: Counsel of record